133 N.J. Super. 30 (1975)
335 A.2d 67
FLORENCE L. BRODERICK, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND BRADLEES, INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 17, 1975.
Decided February 27, 1975.
*31 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Ms. Florence Broderick, appellant, submitted a pro se brief.
Mr. William F. Hyland, Attorney General, attorney for respondent Board of Review (Mr. Michael S. Bokar, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
This is an appeal from a decision of the Board of Review, Division of Employment Security, Department of Labor and Industry, which disqualified appellant (claimant) for benefits under the Unemployment Compensation Law on the ground that she had left work voluntarily without good cause attributable to her work, as provided in N.J.S.A. 43:21-5(a).
The decision below was not based upon a showing that claimant actually left work of her own volition, but rather that she was discharged because her actions at work were such as to demonstrate an intent to quit and which left her employer no choice but to discharge her  what is sometimes called a "provoked discharge."
Claimant worked as a salesgirl in respondent's store. She disliked the "rock" music which was amplified throughout the store. Preferring gospel music, she carried a transistor radio in her pocket and used an earplug so that she could hear the music of her preference. Her department manager asked her to remove the earplug. She refused and was suspended until a conference could be scheduled with union representatives present. Apparently she was also accused of proselytizing during store hours. The union representatives who met with petitioner were unable to convince her to remove the plug. She was later permanently terminated.
At the hearing below the hearing officer asked claimant whether she had in fact attempted to proselytize customers. She replied that "when people would take God's name in vain, I'd say, `Please don't do that, praise His name.'" The *32 shop steward testified that she and "other girls" had received complaints of claimant's proselytizing from a number of customers.
The Appeal Tribunal concluded that the employer's requests were reasonable, that claimant's refusal to comply forced the employer to the position where it had no choice but to separate her, and that she was disqualified for benefits for having "left work without good cause attributable to [her] work," in accordance with N.J.S.A. 43:21-5(a). The Board of Review affirmed and claimant appeals.
We conclude that the decision below erroneously applied paragraph (a) of N.J.S.A. 43:21-5 rather than paragraph (b) to the facts of this case.
So far as pertinent the statute in effect at the time of petitioner's discharge read:
N.J.S.A. 43:21-5. Disqualification for benefits
An individual shall be disqualified for benefits:
(a) For the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment (which may be with an employing unit having in employment one or more individuals) at least 4 times his weekly benefit rate, as determined in each case; provided, however, that no disqualification shall be applicable to a woman who left or was separated from her work solely by reason of her pregnancy.
(b) For the week in which he has been finally discharged for misconduct connected with his work, and for the 5 weeks which immediately follow such week (in addition to the waiting period), as determined in each case. In the event such discharge should be rescinded by the employer voluntarily or as a result of mediation or arbitration this subsection (b) shall not apply, provided, however, an individual who is restored to employment with back pay shall return any benefits received under this chapter for any week of unemployment for which he is subsequently compensated by his employer. [Emphasis supplied]
The distinction between (a) and (b) is significant in determining the period of disqualification. If subsection (a) applies, claimant is disqualified until such time as she has earned at least four times her weekly benefit rate. In contrast, under subsection (b) she is disqualified for the week *33 in which she has been discharged, and for the five weeks immediately following such week (in addition to the waiting period).
Thus the question here is whether, under the finding of fact below, claimant (a) "left work voluntarily without good cause attributable to such work" or (b) was "finally discharged for misconduct connected with [her] work."
Clearly, claimant did not voluntarily quit. It was the employer who terminated the employment. And it did so because of claimant's adamant refusal to comply with its reasonable requirements concerning the use of the ear plug and proselytizing during working hours. This was "misconduct connected with [her] work." Therefore subsection (b) applies and her disqualification extends only to the period provided therein. Any other construction of the statute would label as a "voluntary quit" every discharge following an employee's refusal to comply with the employer's reasonable direction. We cannot accept such a construction of the statute.
The decision of the Board of Review is reversed and the matter is remanded for award of benefits subject only to the disqualification provided in N.J.S.A. 43:21-5(b).