**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3399-17T1

WESTLY R. MANDOSKE,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and BRIGHT IDEA LED
INCORPORATED,

    Respondents.

_____

Argued March 4, 2019 – Decided June 27, 2019

Before Judges Haas and Sumners.

On appeal from the Board of Review, Department of Labor, Docket No. 137,832.

Westly R. Mandoske, appellant, argued the cause pro se.

Alexis F. Fedorchak, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel;

Elizabeth A. Davies, Deputy Attorney General, on the brief).

John E. Shields, Jr. argued the cause or respondent Bright Idea LED Inc. (Helmer Conley & Kasselman, PA, attorneys; Gary D. Thompson, on the brief).

PER CURIAM

Claimant Westly Mandoske appeals from the February 22, 2018 final agency decision of the Board of Review (Board), affirming the decision of the Appeal Tribunal deeming him disqualified for unemployment benefits from October 29, 2017 through January 20, 2018, under N.J.S.A. 43:21-5(b), because his insubordination led him to be discharged for simple misconduct. For the reasons that follow, we affirm.

After Mandoske was initially granted unemployment benefits without disqualification, his employer Bright Idea LED Incorporated appealed, resulting in a hearing before the Appeal Tribunal. We glean the following pertinent facts from the hearing.

Mandoske began employment as an Executive Assistant with Bright Idea LED on September 12, 2016. He reported to the company's owner and CEO, Paul Wexler, and Office Manager, Heidi Wexler, Paul's wife. On August 17,

2017, Heidi[1] verbally reprimanded Mandoske for showing lack of respect to Paul when Mandoske emailed Paul expressing his dissent over Paul's decision not to agree to a 401k employee retirement plan that Mandoske had been working on. Paul had responded to Mandoske – about an hour later – with an emotionally charged email stating that he rejected the plan for business reasons. Heidi also told Mandoske that he would be terminated if his unacceptable rude behavior to the company owners continued. After speaking with Heidi, Mandoske sent an email apology to Paul, which acknowledged his behavior was "rude, insubordinate, and demeaning[,]" and based on uninformed facts.

Over two months later, Mandoske was terminated due to another incident of disrespectful behavior towards Paul. On October 31, after returning from a trip to Florida, Paul was at home recovering from the flu when he had a telephone conversation with Mandoske regarding a customer contract. After Mandoske told Paul that he did not know what he was talking about, he further stated, "go fuck yourself Paul." Mandoske was fired that day. He told Heidi that he had no excuse for his behavior. According to Mandoske, he did not direct any profanity towards Paul.

---

[1] We use the Wexler's first names because they share the same last name; we intend no disrespect.

Finding Mandoske was terminated because he did not "exhibit[] the appropriate level of respect towards management[,]" the Appeal Tribunal determined he was "disqualified for benefits under N.J.S.A. 43:21-5(b), from [October 29, 2017,] through [January 20, 2018], as the discharge was for simple misconduct connected with the work." In its February 22, 2018 final agency decision, the Board agreed with the decision.

Before us, Mandoske contends that his speech was not sufficient cause for termination and to disqualify him for benefits due to simple misconduct. He also argues that Bright Idea LED failed to prove its allegations with direct evidence. We are unpersuaded.

Our review of final agency action is quite limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "In reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid; see also Bustard v. Bd. of Review, 401 N.J. Super. 383, 387 (App. Div. 2008). Only if the Board's "action

was arbitrary, capricious, or unreasonable" should it be disturbed. Brady, 152 N.J. at 210.

We set forth at length the history of N.J.S.A. 43:21-5(b) and accompanying regulations in In re N.J.A.C. 12:17-2.1, 450 N.J. Super. 152, 160 (App. Div. 2017). At the time of the Board's decision, the statute did not define "misconduct connected with the work," and included other categories — severe and gross misconduct — that compelled a greater period of disqualification from benefits. N.J.S.A. 43:21-5(b).

An employee is considered "discharged for an act of simple misconduct" if he or she "committed an act of 'simple misconduct' and . . . [v]iolated a reasonable rule of the employer which the individual knew or should have known was in effect." N.J.A.C. 12:17-10.5(a)(3). N.J.A.C. 12:17-2.1 defines "simple misconduct" as

> neither "severe misconduct" nor "gross misconduct" and . . . an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior that the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

We set aside this definition, stayed our decision and provided the Department of Labor and Workforce Development an opportunity to promulgate a new regulation. In re N.J.A.C. 12:17-2.1, 450 N.J. Super. at 173.

While the stay was in effect, the Legislature amended N.J.S.A. 43:21-5(b). L. 2018, c. 112. It eliminated the category of "severe misconduct," and defined "misconduct" as

> conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect, including reasonable safety standards and reasonable standards for a workplace free of drug and substance abuse.
>
> [N.J.S.A. 43:21-5(b).]

As of today, however, the regulations have not been changed.

In any event, the Board's factual findings are supported by sufficient credible evidence in the record, as is its conclusion that Mandoske was terminated for a "disregard of [the] standards of behavior that the employer ha[d a] right to expect . . . ." N.J.A.C. 12:17-2.1. Moreover, as we have held in the past, insubordination qualifies as misconduct under case law. Borowinski v.

Board of Review, 346 N.J. Super. 242, 246 (App. Div. 2001); Broderick v. Board of Review, 133 N.J. Super. 30, 33 (App. Div. 1975).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION